Slip Op. 07-179

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **VALLEY FRESH SEAFOOD, INC.,** | |
| Plaintiff, | |
| v. | |
| **UNITED STATES,** | **Before: Timothy C. Stanceu, Judge** |
| Defendant, | **Court No. 06-00132** |
| and | |
| **CATFISH FARMERS OF AMERICA, *et al.*,** | |
| Defendant-Intervenors. | |

## OPINION AND ORDER

[Denying the motions of defendant and defendant-intervenors to dismiss for failure to exhaust administrative remedies and for failure to state a claim upon which relief can be granted]

Dated: December 17, 2007

DLA Piper US LLP (*Matthew J. McConkey* and *James A. Earl*) for plaintiff.

*Jeffrey S. Bucholtz*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Richard P. Schroeder* and *David S. Silverbrand*); *David Richardson*, Office of Chief Counsel for Import Administration, United States Department of Commerce, for defendant.

Akin Gump Strauss Hauer & Feld, LLP (*Valerie A. Slater*, *J. David Park*, *Jarrod M. Goldfeder*, and *Lisa W. Ross*) for defendant-intervenors.

Stanceu, Judge:  Plaintiff Valley Fresh Seafood, Inc. ("Valley Fresh"), a U.S. importer of

fish fillets, contests a final determination ("Final Results") issued by the International Trade

Administration of the United States Department of Commerce ("Commerce" or the

"Department") in the first administrative review of an antidumping duty order on certain fish fillets (the "subject merchandise") from the Socialist Republic of Vietnam. *See Certain Frozen Fish Fillets From the Socialist Republic of Vietnam: Final Results of the First Administrative Review,* 71 Fed. Reg. 14,170 (Mar. 21, 2006) ("*Final Results*").

This case involves the antidumping duty assessment rate that Commerce, in the Final Results, determined for Can Tho Agricultural and Animal Products Import Export Company ("CATACO"), a Vietnamese exporter and producer of the subject merchandise.[1]  In the Final Results, Commerce invoked its authority under 19 U.S.C. § 1677e (2000) to use "facts otherwise available" and "adverse inferences" in applying to CATACO's shipments of the subject merchandise an 80.88 percent antidumping duty assessment rate.  *See id.* at 14,172.  Commerce calculated that rate based on the 63.88 percent assessment rate that it assigned to respondents who failed to establish independence from control of the government of Vietnam (the "Vietnam-Wide Entity rate"), to which Commerce added seventeen percent as a result of its finding, pursuant to 19 C.F.R. § 351.402(f) (2000), that CATACO had entered into an agreement to reimburse one of its importers for antidumping duties.  *See id.*  Valley Fresh was not the importer that entered into the particular reimbursement agreement with CATACO.  At issue in this case is whether Commerce acted according to law in assigning the 80.88 percent rate to all entries of CATACO's subject merchandise, including the entries imported by Valley Fresh.

---

[1] The subject merchandise consists of "frozen fish fillets, including regular, shank, and strip fillets and portions thereof, whether or not breaded or marinated, of the species *Pangasius Bocourti, Pangasius Hypophthalmus* (also known as *Pangasius Pangasius*), and *Pangasius Micronemus*."  *See Final Results*, 71 Fed. Reg. at 14,171.

Valley Fresh argues that an adjustment pursuant to a finding of reimbursement under 19 C.F.R. § 351.402(f) is a unique adjustment specific to an individual exporter and an individual importer and that Commerce disregarded the record evidence that there was no reimbursement agreement or actual reimbursement involving Valley Fresh and CATACO. Compl. ¶¶ 22-23. As relief, plaintiff submits that its entries of CATACO's fish fillets should be liquidated at the Vietnam-Wide Entity rate of 63.88 percent and not the 80.88 percent rate determined by Commerce. *Id.* ¶ 24. Defendant United States and defendant-intervenors, the Catfish Farmers of America and eight individual U.S. catfish processors, move to dismiss this action pursuant to USCIT Rule 12(b)(5) for failure to exhaust administrative remedies and for failure to state a claim upon which relief can be granted. Def.'s Mot. to Dismiss 1; Def.-Intervenors' Mot. to Dismiss 1. Defendant and defendant-intervenors argue that Valley Fresh failed to exhaust its administrative remedies because it did not present to Commerce its arguments relating to the application of the reimbursement provisions of 19 C.F.R. § 351.402(f). Def.'s Mot. to Dismiss 4-6; Def.-Intervenors' Mot. to Dismiss 6-12. Their second argument is that Valley Fresh is not entitled to an antidumping duty rate separate from the rate assigned to CATACO and, for this reason, has failed to state a claim upon which relief can be granted. Def.'s Mot. to Dismiss 6-11; Def.-Intervenors' Mot. to Dismiss 12-15.

For the reasons discussed in this Opinion and Order, the court declines to dismiss Valley Fresh's action for failure to exhaust administrative remedies. Defendant-intervenors, who were the petitioners in the proceeding below, argued before Commerce that when determining cash deposit and assessment rates "Commerce should adjust the rates to account for the reimbursement finding that Commerce made at verification and draw an adverse inference that

CATACO had entered into such agreements with all of its U.S. importers." *See* Def.-Intervenors' Mot. to Dismiss 5 (citing *Letter from Akin Gump Strauss Hauer & Feld LLP to Sec'y of Commerce* (Jan. 30, 2006), Attach. at 5-8 ("*Def.-Intervenors' Case Brief*") (Admin. R. Doc. No. 263)). Therefore, the issue on which Valley Fresh now seeks judicial review was presented to, and considered by, Commerce during the administrative review. Moreover, Commerce gave no indication prior to issuing the Final Results that it was considering the application to CATACO of a rate higher than the Vietnam-Wide Entity rate based on its finding concerning reimbursement. Because of the lack of such notice, the first meaningful opportunity for Valley Fresh to challenge Commerce's decision on this issue occurs upon judicial review.

The court further concludes, as discussed below, that Valley Fresh's complaint should not be dismissed for failure to state a claim upon which relief can be granted. Valley Fresh challenges Commerce's calculation of an antidumping duty rate for CATACO that is based on an adverse inference that all importers had entered into reimbursement agreements with CATACO, despite record evidence that Valley Fresh entered into no reimbursement agreement and received no reimbursement. The court concludes that because plaintiff's challenge raises the possibility of relief above the speculative level, the complaint states a claim upon which relief can be granted. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

## I. BACKGROUND

Commerce issued its antidumping duty order on certain fish fillets from the Socialist Republic of Vietnam in 2003. *See Notice of Antidumping Duty Order: Certain Frozen Fish Fillets from the Socialist Republic of Vietnam,* 68 Fed. Reg. 47,909 (Aug. 12, 2003). On August 3, 2004, Commerce announced the opportunity to request an administrative review. *See*

*Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity To Request Administrative Review*, 69 Fed. Reg. 46,496, 46,497 (Aug. 3, 2004). CATACO, an exporter of frozen fish fillets from Vietnam, was one of eight companies that timely requested an administrative review. *Letter from White & Case LLP to Sec'y of Commerce* (Aug. 27, 2004) (Admin. R. Doc. No. 3). In response to the requests, Commerce initiated the administrative review at issue in this case, which is the first administrative review of the antidumping duty order. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews and Requests for Revocation in Part*, 69 Fed. Reg. 56,745 (Sept. 22, 2004).

In the preliminary results of the administrative review ("Preliminary Results"), Commerce invoked facts otherwise available and adverse inferences in preliminarily assigning CATACO the Vietnam-Wide Entity rate of 63.88 percent. *Certain Frozen Fish Fillets from the Socialist Republic of Vietnam: Preliminary Results and Preliminary Partial Rescission of Antidumping Duty Administrative Review*, 70 Fed. Reg. 54,007, 54,010 (Sept. 13, 2005) ("*Preliminary Results*"). Following the issuance of the Preliminary Results, the Department began verification of CATACO's questionnaire responses. *Final Results*, 71 Fed. Reg. at 14,170; *see also Letter from Akin Gump Strauss Hauer & Feld LLP to Sec'y of Commerce* at 1 (Dec. 30, 2004) (requesting, on behalf of petitioners, that the Department conduct verification of the responses submitted by CATACO during the course of the review) (Admin. R. Doc. No. 70). During verification, the Department found that CATACO had failed to report that it had entered into an agreement to reimburse one of its importers for a certain percentage of the antidumping duties that the importer paid upon entry of shipments of CATACO's fish fillets into the United States. *See* Def.'s Mot. to Dismiss 2. At this point, CATACO terminated its participation in the

verification process and filed a request that Commerce remove or destroy its submissions of business proprietary information, which the Department granted. *Final Results*, 71 Fed. Reg. at 14,170-71. Commerce concluded that CATACO did not act to the best of its ability to comply with the Department's requests for information and, according to 19 U.S.C. § 1677e(b), assigned CATACO the 63.88 percent rate as an adverse inference. *See id.*

In case briefs filed with Commerce after issuance of the Department's report on the terminated CATACO verification, petitioners argued that, when applying facts otherwise available and adverse inferences to determine cash deposit and assessment rates, "Commerce should adjust the rates to account for the reimbursement finding at verification and make an adverse inference that CATACO had entered into such agreements with all of its U.S. importers." Def.-Intervenors' Mot. to Dismiss 5 (citing *Def.-Intervenors' Case Brief* at 5-8). Also post-verification, the Department itself placed on the record information that it had obtained from U.S. Customs and Border Protection ("Customs") regarding reimbursement. *Mem. from Alex Villanueva, Program Manager, Import Admin. to Commerce File* (Jan. 17, 2006) (Admin. R. Doc. No. 246). The record information contained a copy of a certificate that Valley Fresh filed with Customs according to 19 C.F.R. § 351.402(f)(2), stating that Valley Fresh did not enter into an agreement for reimbursement of antidumping duties. *See id.*; *see also* Compl. ¶ 15; 19 C.F.R. § 351.402(f)(2).

In the Final Results, Commerce affirmed its conclusion that CATACO failed to act to the best of its ability to comply with the Department's requests for information. *Final Results*, 71 Fed. Reg. at 14,172. Commerce determined that it was appropriate to apply facts otherwise available and adverse inferences to all of CATACO's exports of subject merchandise that entered

the United States during the period of review.  *Id.*  Commerce assigned to CATACO the 63.88

percent Vietnam-Wide Entity assessment rate as an adverse inference and then, again as an

adverse inference, increased that rate to 80.88 percent to account for the finding of

reimbursement.  *Id.*  Specifically, Commerce stated:

> A finding of reimbursement is necessarily exporter-importer specific, and is
> treated as a unique adjustment.  Morever, as we are applying [facts otherwise
> available and adverse inferences] in this instance, the reimbursement adjustment
> is exogenous to the normal calculation of the dumping margin.  In order to
> properly account for CATACO's reimbursement activities, the Department will
> adjust CATACO's cash deposit and assessment rates, but not apply the
> adjustment to the rest of the Vietnam-Wide Entity.  In this unique situation in
> which CATACO terminated verification and where we also found
> reimbursement of antidumping duties, it is appropriate to assign CATACO a
> rate inclusive of the Vietnam-Wide Entity rate and the reimbursement
> adjustment.

*Id.*  In a footnote, Commerce added the following: "As part of the adverse inference, the

Department's finding of reimbursement will be applied to all of CATACO's importers for cash

deposit and assessment purposes."  *Id.* at 14,172 n.3.

## II. DISCUSSION

Valley Fresh's complaint alleges facts allowing the court to conclude that Valley Fresh

has standing to bring its action under 19 U.S.C. § 1516a(a)(2)(A)(i)(I) (2000).  Valley Fresh

alleges that, as an importer of merchandise that is subject to the antidumping duty order, it

qualifies as an "interested party" as defined in 19 U.S.C. § 1677(9)(A) (2000).  Compl. ¶ 3.  The

complaint also alleges that Valley Fresh imported merchandise sold by CATACO, an exporter

and producer whose sales were reviewed by Commerce in the administrative review proceeding

conducted by Commerce.  *Id.*  The court reasonably may infer from this allegation that sales of

CATACO's merchandise to Valley Fresh were among the sales of subject merchandise that

Commerce examined in conducting the administrative review. The complaint further alleges that Valley Fresh's anti-reimbursement statement was placed on the record of the administrative review proceeding conducted by Commerce. *Id*. ¶ 15. Neither defendant nor defendant-intervenors challenge Valley Fresh's claim of standing to bring this action. Viewed in these circumstances and in the context of the complaint as a whole, Valley Fresh's allegations are sufficient to support a conclusion that Valley Fresh, for purposes of standing, was a party that participated in the underlying administrative review proceeding.[2] The court exercises jurisdiction according to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (B)(iii) and 28 U.S.C. § 1581(c) (2000).

A.  The Judicial Review of Plaintiff's Claim Is Not Precluded by Plaintiff's Failure to Exhaust Its Administrative Remedies

A party who does not exhaust all avenues of administrative relief before presenting a claim to an agency usually is not permitted to raise that claim for the first time before a court reviewing the agency's action. *See Woodford v. Ngo*, 126 S. Ct. 2378, 2385 (2006) (*citing United States v. L.A. Tucker Truck Lines, Inc.* 344 U.S. 33, 37 (1952) ("[A]s a general rule, courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice.")). Valley Fresh admits that it did not challenge before Commerce the legality of Commerce's applying a finding of reimbursement on the part of one of CATACO's importers to all of its importers in determining the assessment rate. Pl.'s Opp'n to Mot. to Dismiss 4-6. However, this

---

[2] Under 19 U.S.C. § 1516a(a)(2)(A), an action may be commenced by "an interested party who is a party to the proceeding in connection with which the matter arises . . . ." 19 U.S.C. § 1516a(a)(2)(A). In parallel, 28 U.S.C. § 2631(c) provides that "[a] civil action contesting a determination listed in [19 U.S.C. § 1516a] may be commenced in the Court of International Trade by any interested party who was a party to the proceeding in connection with which the matter arose." 28 U.S.C. § 2631(c) (2000).

court has discretion under 28 U.S.C. § 2637(d) to determine the circumstances under which the court will require exhaustion of administrative remedies.  28 U.S.C. § 2637(d) (2000) (providing that the court "shall, where appropriate, require the exhaustion of administrative remedies."); *see Cemex, S.A. v. United States*, 133 F.3d 897, 905 (Fed. Cir. 1998) (reasoning that "'where Congress has not clearly required exhaustion, sound judicial discretion governs . . . .'") (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)).  The court exercises its discretion to permit Valley Fresh's claim for two reasons.  First, Valley Fresh's failure to raise in the administrative process the aspect of the reimbursement issue now before the court did not prevent Commerce from actually considering this issue at the agency level.  Second, Valley Fresh's first meaningful opportunity to challenge Commerce's decision on the reimbursement issue is in this judicial review proceeding.  Commerce, prior to issuing the Final Results, did not provide any party with notice of the way in which it would apply 19 C.F.R. § 351.402(f), and Commerce's decision on reimbursement in the Final Results appeared to be a departure from its ordinary practice.

Commerce had the full opportunity to consider the reimbursement issue during the administrative review.  According to the Final Results, Commerce considered, and appears to have adopted, the position on the application of 19 C.F.R. § 351.402(f) that petitioners advocated during the proceeding, with the result that the Final Results were based on an adverse inference that CATACO had entered into reimbursement agreements with all of its U.S. importers.  *See* Final Results, 71 Fed. Reg. at 14,172 n.3; Def.-Intervenors' Mot. to Dismiss 5 (citing *Def.-Intervenors' Case Brief* at 5-8); *see also* Def.-Intervenors' Reply in Supp. of Mot. to Dismiss 4 (stating that the petitioners "went on to argue specifically that Commerce should make an adverse inference that CATACO had entered into such agreements with all of its U.S.

importers given the company's decision to prematurely terminate the verification, thus preventing Commerce from fully investigating the extent to which other reimbursement agreements existed.").

The court may excuse a party's failure to raise an argument before the administrative agency if, as occurred in this case, the agency in fact considered the issue. *See Holmes Prods. Corp. v. United States*, 16 CIT 1101, 1104 (1992) (citing *Wash. Assoc. for Television and Children v. FCC*, 712 F.2d 677, 682-83 n.10 (D.C. Cir. 1983)). "[C]ourts have waived exhaustion if the agency has had an opportunity to consider the identical issues presented to the court . . . but which were raised by other parties, or if the agency's decision, or a dissenting opinion, indicates that the agency had the opportunity to consider the very argument pressed by the petitioners on judicial review." *Natural Res. Def. Council, Inc. v. EPA*, 824 F.2d 1146, 1151 (D.C. Cir. 1987) (internal quotation marks, brackets, and citations omitted); *cf. N.Y. State Broadcasters Assoc. v. United States*, 414 F.2d 990, 994 (2d Cir. 1969) (concluding that the petitioners were not precluded from making their constitutional arguments before the court even though "the [agency] either would not or could not declare that [the statute] is unconstitutional," and another party had explicitly raised those issues before the agency).

Defendant-intervenors argue that the court should not allow Valley Fresh to contest the Department's decision on the reimbursement issue because Valley Fresh, during the administrative review, "chose not to respond to any of [the petitioners'] detailed submissions" and "made no effort to participate in the review process and, despite multiple opportunities, chose not to make any arguments with respect to the specific antidumping duty that would be assessed on its imports from CATACO." Def.-Intervenors' Reply in Supp. of Mot. to

Dismiss 5-6. The court declines to exercise its discretion in this way. The petitioners'
submission prompted Commerce to examine the reimbursement issue and, apparently, to accept
the petitioners' position on that issue. Valley Fresh's participation was not necessary to
Commerce's deliberation on that issue.

Valley Fresh argues that its failure to participate below should be excused because it
could not predict how Commerce would adjust CATACO's rate in the Final Results. *See* Resp.
in Opp'n to Mot. to Dismiss filed by Def. and Def.-Intervenors 5 (stating that "[i]t is simply not
reasonable to claim that Plaintiff should have guessed that the Department was going to apply its
verification reimbursement findings to all U.S. customers of CATACO when the regulation on
reimbursement is exporter-importer specific, and is a unique adjustment."). The court considers
it significant that Commerce did not apply 19 C.F.R. § 351.402(f) in the Preliminary Results and,
at that time, gave no indication that it was considering doing so in the Final Results. Therefore,
the Final Results constituted the first public statement by Commerce that it was applying an
additional seventeen percent to the Vietnam-Wide Entity rate to determine assessment and cash
deposit rates for CATACO.

Defendant-intervenors contend that Valley Fresh "should have been aware" that
Commerce might employ a particular methodology in the Final Results because of petitioners'
case brief. *See* Def.-Intervenors' Mot. to Dismiss 10. However, plaintiff alleges in its complaint
that Commerce, in the Issues and Decisions Memorandum accompanying the Final Results,
acknowledged that "its normal practice in the situation where a respondent prematurely
terminated a verification would be to subject it to the Vietnam-Wide Entity rate of 63.88%."
Compl. ¶ 17 (citing *Issues and Decisions Memorandum for the 1st Administrative Review of*

*Certain Frozen Fish Fillets from the Socialist Republic of Vietnam* at 7 (Mar. 13, 2006)).  The

court concludes, based on the complaint and the Department's public issuances cited therein, that

it would not have been reasonable for Valley Fresh to expect that Commerce would adopt a

position that appeared to be inconsistent with the Department's established practice and of which

Commerce gave no public indication prior to issuing its final decision.

<u>B.  Valley Fresh Has Stated a Claim upon which Relief Can Be Granted</u>

To avoid dismissal for failure to state a claim upon which relief can be granted, the

"factual allegations must be enough to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell*

*Atlantic Corp.*, 127 S. Ct. at 1965 (internal citations omitted).  In ruling on such a motion, the

court assumes that all well-pleaded factual allegations in the complaint are true and draws all

reasonable inferences in the plaintiff's favor.  *Leider v. United States*, 301 F.3d 1290, 1295 (Fed.

Cir. 2002).

In its complaint, Valley Fresh challenges the application of the 80.88 percent antidumping

duty rate to its entries and alleges that this rate is improper because it was determined for

CATACO based on a finding of a single reimbursement agreement within the scope of

19 C.F.R. § 351.402(f) with an importer that was not Valley Fresh.  *See* Compl. ¶¶ 22-24.

According to the complaint, Commerce calculated this rate based on an adverse inference that

CATACO entered into reimbursement agreements with all of its importers.  *See id.* ¶¶ 17-20; *see*

*also Final Results*, 71 Fed. Reg. at 14,172-73.  Plaintiff's complaint alleges, in effect, that this

rate is contrary to law in the absence of record evidence that Valley Fresh was reimbursed or had

entered into a reimbursement agreement with CATACO.  *See id.* ¶¶ 13, 20, 23 (stating that "the

Department applied its finding of reimbursement to all of CATACO's importers for cash deposit

and assessment purposes" and that "it is not in accordance with law to use evidence of

reimbursement from one importer against all other importers from the same exporter.") (internal

quotation marks omitted).

Defendant argues that Valley Fresh's complaint has failed to state a claim upon which

relief can be granted because Valley Fresh, according to defendant, "is not entitled to an

antidumping duty calculation separate from CATACO[.]" Def's. Mot. to Dismiss 11. Defendant

submits that "[a]bsent certain exceptions which do not apply here (*e.g.*, the importer being

affiliated with the exporter or producer), the law does not provide for importer rates which are

separate from the producer/exporter rates." *Id*. at 8. For this argument, defendant relies in part

on the Department's regulation, 19 C.F.R. § 351.213(b) (2000), concluding that an administrative

review may be requested only of an exporter or producer. Similarly, defendant-intervenors

contend that when Commerce applies facts otherwise available and adverse inferences to a

foreign producer or exporter that has failed to cooperate to the best of its ability, "that *same* rate

applies equally to all of the importers for that producer or exporter regardless of the expectations

or specific actions of the importers involved." Def.-Intervenors' Mot. to Dismiss 14. According

to defendant-intervenors, "as an importer, Valley Fresh is not entitled to argue that it should have

received an individual antidumping duty rate more favorable than the 80.88 percent rate assigned

to CATACO." *Id.* at 15.

The court does not find merit in the argument that defendant and defendant-intervenors

advance in support of their motions to dismiss plaintiff's complaint for failure to state a claim

upon which relief can be granted. That argument impliedly presumes that the decision by

Commerce to draw an adverse inference under 19 U.S.C. § 1677e(b) that CATACO had entered into reimbursement agreements with all of its importers is insulated entirely from judicial review in the circumstance of this proceeding. In this circumstance, dismissing plaintiff's claim would be inconsistent with the court's obligation to determine whether the Final Results are "unsupported by substantial evidence on the record, or otherwise not in accordance with law[.]" 19 U.S.C. § 1516a(b)(1)(B)(i).

At this early stage of the litigation, the court is not in a position to conclude, based on the claim as stated in the complaint and on the argument of defendant and defendant-intevenors, that plaintiff's future Rule 56.2 motion necessarily will be unable to demonstrate that the Final Results are unsustainable under the applicable standard of review. If, in ruling on Valley Fresh's Rule 56.2 motion, the court were to conclude that the Final Results are unsatisfactory under the standard of review, the court would not necessarily be powerless to order an appropriate form of relief, whether or not it is the specific relief sought by Valley Fresh, *i.e.*, liquidation of its entries at the Vietnam-Wide Entity rate of 63.88 percent. *See* Compl. ¶ 24. Defendant does not satisfactorily explain why, specifically, 19 C.F.R. § 351.213(b) precludes any form of relief. Neither defendant nor defendant-intervenors present a well-developed argument why the court could grant no relief if the court were to conclude that the Final Results are not in accordance with law, including, specifically, the requirements of 19 U.S.C. § 1675(a)(2)(A) with respect to entries of the subject merchandise. For these reasons, the court concludes that plaintiff's claim as stated in the complaint is sufficient to avoid dismissal for failure to state a claim upon which relief can be granted.

### III. CONCLUSION AND ORDER

The court concludes that plaintiff's failure to exhaust administrative remedies does not require dismissal of the complaint. Commerce considered the issue of whether to calculate an assessment rate that applied its finding of reimbursement of one importer to all entries of CATACO's subject merchandise as an adverse inference because the petitioners raised this issue in their case brief. In addition, the Preliminary Results did not provide notice of the intent of Commerce to apply 19 C.F.R. § 351.402(f) in the particular way in which the issue was resolved in the Final Results. Plaintiff was not placed on notice of this resolution until the publication of the Final Results. Based on the complaint as construed according to the applicable standard of review, the court further concludes that plaintiff has stated a claim upon which relief can be granted. Plaintiff has pleaded facts which, if assumed to be true, are sufficient to raise the right to relief above the speculative level. Accordingly, upon consideration of defendant's and defendant-intervenors' motions to dismiss this action pursuant to USCIT Rule 12(b)(5), plaintiff's response thereto, and all other submissions and proceedings herein, it is

**ORDERED** that defendant's motion to dismiss, as filed on September 26, 2006, and defendant-intervenors' motion to dismiss, as filed on September 29, 2006, be, and hereby are, DENIED.


/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge


Dated: December 17, 2007
       New York, New York